MISSOURI, K. & T. RY. CO. OF TEXAS
v. COOPER.

(Court of Civil Appeals of Texas.   Texarkana.
Jan. 1, 1914.   Rehearing Denied Jan.
15, 1914.)

1. APPEAL AND ERROR (§ 1068*)—HARMLESS
ERROR—INSTRUCTIONS.

Any error in an instruction authorizing a
finding of negligence in a railroad passenger's
action for personal injuries by the sudden jerk-
ing of the engine, when the uncontroverted evi-
dence showed that such movement was only
the ordinary movement of the train, was harm-
less to defendant, where the uncontroverted ev-
idence also showed that it was guilty of negli-
gence in furnishing a defective seat to the pas-
senger, which directly resulted in the injury;
the instruction submitting the two grounds of
negligence being in the disjunctive, and it being
presumed that the jury did not base its finding
for plaintiff on a ground not supported by the
evidence.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4225–4228, 4230;   Dec.
Dig. § 1068.*]

2. TRIAL (§ 296*)—INSTRUCTIONS.

Any error in submitting as negligence, in a
passenger's action for personal injuries, a sud-
den jerk of the engine, when the evidence show-
ed that the movement was not unusual, was not
prejudicial, where the court also charged that
the jury could not find for plaintiff with re-
spect to the manner of operation if the move-
ment of the train was only such as was neces-
sarily incident to its operation in the exercise
of due care.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 705–713, 715, 716, 718;   Dec. Dig. §
296.*]

Appeal from District Court, Fannin Coun-
ty; Ben H. Benton, Judge.

Action by L. C. Cooper against the Mis-
souri, Kansas & Texas Railway Company of
Texas.   From a judgment for plaintiff, de-
fendant appeals.   Affirmed.

The appellee, Mrs. Cooper, was a passenger
on appellant's train, and when nearing the
station of Ambrose the seat in the coach
occupied by her alone at the time became,
by reason of a jolt or movement of the train,
suddenly displaced in such manner as that
she was let downward and came violently in
contact with the wooden braces or under
framework of the seat, and was thereby
grievously injured.   She sues for damages,
alleging negligence on the part of appellant
(1) in failing to fasten the bottom of the seat
in the coach so that it would not become dis-
placed, and (2) in the movement or operation
of the train in causing it to make sudden
jerks.   The appellant answered by denial,
contributory negligence, and assumed risk.
The verdict of the jury was in favor of appel-
lee.

The evidence shows that the seat was con-
structed to accommodate two people at the
time, with a bottom seat or cushion resting
upon the framework or legs, but a distinct
and movable piece, and with an upright back
piece and arm rests on the sides.   This par-
ticular seat, as constructed, had crosspieces

underneath that were too short to allow the
cushion to fit close upon the supports or
framework, which gave the seat, or cushion
too much play at the base, with the result
that the seat would easily fall downward at
the rear end into the framework beneath.
It appears that a jolt or sudden movement
of the train resulting from slackening speed
for the station caused the seat to be sudden-
ly displaced and the rear end of it to fall
out of proper position downward into the
framework or legs.   While it appears that
there was a jolt or sudden movement of the
train at the time, such jolt or movement of
the train conclusively appears to have been
only the ordinary and usual jolt and move-
ment of the train under careful operation.
The evidence warrants the findings of fact
that appellant was guilty of negligence prox-
imately causing injury to appellee in failing
to fasten the bottom of the seat so that it
would not become displaced as pleaded in the
petition, and that appellee was not guilty
of contributory negligence, and the amount
of the verdict is warranted by the evidence.

Head, Smith, Hare, Maxey & Head, of
Sherman, and Alex S. Coke, of Dallas, for
appellant.   Cunningham & McMahon, of Bon-
ham, for appellee.

LEVY, J. (after stating the facts as above).
[1] The second and third assignments, here
disposed of together, predicate error upon
the third paragraph of the court's charge so
far as it authorized a finding by the jury of
negligence upon "or by causing the engine
pulling the train on which plaintiff was trav-
eling to make a sudden jerk."   The objec-
tions made to such instruction are (1) that it
charged upon an issue not made by the evi-
dence, and (2) was upon the weight of the
evidence in assuming the fact that the en-
gine was caused to make a sudden jerk.
The answer to the objections must be, we
think, that under the facts of this case the
error must be held necessarily harmless and
without any injury resulting to appellant.
And, in view of the want of any injurious
effect upon appellant shown by the evidence,
rule 62a (149 S. W. x) would be applicable,
and the error would not afford a proper
ground for reversal of the judgment.   The
uncontroverted evidence showed that appel-
lant was guilty of negligence in furnishing
for a passenger a seat of the character and
condition the seat in question was.   And the
uncontroverted evidence showed that the jolt
or movement of the train was only the usual
and ordinary movement of a train carefully
operated.   And the jolt or movement of the
train was but a mere incident in the falling
of the seat.   As the evidence making the con-
clusion of facts in these respects was uncon-
troverted, it is believed that it should prop-
erly be assumed that the jury, as men of
average mind and fairness of conduct, would

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

rest a verdict upon uncontroverted facts rather than upon a finding wholly unwarranted by the facts. And the instruction given by the court was, as seen, in the disjunctive, which authorized the jury to find upon the one ground proven by uncontroverted facts.

[2] Besides, the special charge given at the request of appellant operated to relieve the court's charge of any injurious effect upon appellant upon the grounds complained of. The special charge pertinently instructed the jury that they could not return a verdict against appellant as to the manner of operation of the train, where the jerk or movement of the train was only such as was necessarily incident to the operation of the train in the exercise of care.

The fourth assignment predicates error upon the paragraph of the court's charge on the measure of damages. We do not think the charge improperly authorizes a recovery for any damages not sued for or not inflicted by the negligence of appellant. Ry. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 614.

We have considered the first assignment, and do not think it sufficiently affords ground requiring reversal.

Believing as we do that there is no error of sufficient importance to authorize the overturning of the judgment, the same is affirmed.